JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 750
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| RUBEN HERNANDEZ<br><br>               Plaintiff,<br><br>-against-<br><br>ENHANCED RECOVERY<br>COMPANY, LLC<br><br>               Defendant. | Case No.:<br><br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 *et seq*. and **DEMAND FOR JURY TRIAL** |

Plaintiff Ruben Hernandez ("Plaintiff") by and through his attorneys, The

Law Offices of Jonathan A. Stieglitz, as and for his Complaint against Defendant

Enhanced Recovery Company, LLC ("Defendant") respectfully sets forth,

complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C.

§ 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201.  The Court

also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA"), and Cal. Civ. Code § 1788 *et seq.*, commonly known as the Rosenthal Fair Debt Collections Practices Act ("RFDCPA").

## PARTIES

4.      Plaintiff is a resident of the State of California, residing in the County of San Bernardino, at 9230 Manada Road, Phelan, CA, 92371.

5.      Defendant is "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 8014 Bayberry Road, Jacksonville, Florida, 32256.

## FACTUAL ALLEGATIONS

6.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7.     On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8.     The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9.     The reporting of a debt to a credit bureau is a "communication" as the term is defined by 15 U.S.C. § 1692a(2).

10.    Defendant reported the Alleged Debt on Plaintiff's credit report.

11.    Plaintiff disputed the debt directly with Defendant by letter on February 1, 2016.

12.    Plaintiff examined his credit report again on March 17, 2016, and saw that Defendant had neither removed the Alleged Debt from his credit report, nor had it marked as "disputed by consumer" despite being required to do so by the FDCPA.

13.    As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.


**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

14.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

15.    Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), 1692e(10) and 1692f.

16.    As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violations of the RFDCPA)

17.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18.    The RFDCPA requires debt collectors to comply with the FDCPA, and a violation of the FDCPA is also a violation of the RFDCPA.  Cal. Civ. Code § 1788.17.

19.    The remedies under the FDCPA and RFDCPA are cumulative, and Plaintiff is entitled to damages under both acts.

20.    Upon information and belief, Defendant willfully and knowingly committed the violations of the FDCPA and RFDCPA described herein, and

Plaintiff is entitled to statutory damages pursuant to Cal. Civ. Code § 1788.30(b).

## DEMAND FOR TRIAL BY JURY

21. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

d) A declaration that the Defendant's practices violated the FDCPA and the RFDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

1

2   Dated:  June  7, 2016

3                                                                    THE LAW OFFICES OF
                                                                     JONATHAN A. STIEGLITZ
4
                                                         By:        /s/ Jonathan A Stieglitz
5                                                                    Jonathan A Stieglitz

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28